IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS TWISS (TDCJ No. 298093), § § § Petitioner, § § V. § § LORIE DAVIS, Director § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | No. 3:18-cv-1702-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Thomas Twiss, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254, *see* Dkt. No. 3, that the United States District Court for the Western District of Texas transferred here under 28 U.S.C. § 2241(d), *see* Dkt. No. 5. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the habeas application with prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Twiss "was convicted of aggravated rape and sentenced to life imprisonment." *Ex parte Twiss*, No. WR-69,619-04, 2009 WL 623988, at *1 (Tex. Crim. App. Mar. 11,

2009); *see State v. Twiss*, Nos. F79-10925-R & F79-10926-R (265th Dist. Ct., Dallas Cty., Tex.). It appears that Twiss unsuccessfully sought state habeas relief related to both his aggravated-rape and aggravated-kidnaping convictions, *see Ex parte Twiss*, Nos. WR-69,619-01 & -02 (Tex. Crim. App. Apr. 23, 2008), but his current application implicates an unsuccessful attempt at release on mandatory supervision, *see, e.g.,* Dkt. No. 1 at 9 ("I requested on Nov. 24, 2017 to be released for mandatory supervision from the Texas Board of Pardons and Paroles and was denied under 508.145 Texas Government Code that was created in 1997, in violation of Ex Post Facto clause for those sentenced prior to that law.").

## Legal Standards and Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

"Eligibility for mandatory supervision is governed by the 'law in effect at the

time the holding offense was committed.'" *Kirsch v. Quarterman*, Civ. A. No. H-07-524, 2008 WL 3003919, at *4 (S.D. Tex. Aug. 1, 2008) (quoting *Ex parte Thompson*, 173 S.W.3d 458, 458 (Tex. Crim. App. 2005)). And, while there is no constitutional right to conditional release prior to the expiration of a valid sentence, *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Moore v. Davis*, No. A-18-CA-104-LY, 2018 WL 1902689, at *3 (W.D. Tex. Apr. 20, 2018) ("Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole." (citing *Greenholtz*, 442 U.S. at 7)), *rec. adopted*, Dkt. No. 14 (W.D. Tex. May 7, 2018), it is settled that "[a] constitutional expectancy of early release exist[ed] in Texas' mandatory supervision scheme in place for crimes committed before September 1, 1996," *Kirsch*, 2008 WL 3003919, at *4 (citing TEX. GOV'T CODE ANN. § 508.149(b); *Malchi v. Thaler*, 211 F.3d 953, 957-59 (5th Cir. 2000)); *see also Gonzales v. Thaler*, No. 2:09-cv-121, 2011 WL 4014326, at *2 (N.D. Tex. Aug. 19, 2011) ("The [United States Court of Appeals for the] Fifth Circuit recognizes that prior to September 1, 1996, 'the TDCJ-CID had no discretion in deciding when or if to release an inmate on mandatory supervision,' but that as of September 1, 1996, a discretionary mandatory supervision scheme passed by the Texas Legislature took effect." (quoting *Teague v. Quarterman*, 482 F.3d 769, 774-75 (5th Cir. 2007))), *rec. adopted*, 2011 WL 3927057 (N.D. Tex. Sept. 7, 2011).

But Twiss, serving a life sentence for aggravated rape committed prior to September 1, 1996, is not eligible for release on mandatory supervision. *See* TEX. GOV'T CODE §§ 508.147(a) & 508.149(a)(2). And, "[i]f a Texas prisoner is ineligible for

mandatory supervised release," that prisoner has "no federal constitutional claim for relief." *Panell v. Stephens*, No. SA-15-CA-163-XR (HJB), 2015 WL 2091934, at *3 (W.D. Tex. May 5, 2015) (citing *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002) (per curiam) ("Federal habeas relief is available only if a prisoner 'has been deprived of some right secured to him or her by the United States Constitution or by the laws of the United States.' ... Texas's mandatory supervision law in place prior to September 1, 1996 created a 'constitutional expectancy of early release.' Therefore, it must be determined if Arnold is eligible for mandatory supervision release. If he is not, Arnold does not have a constitutional claim for which relief can be granted." (quoting *Malachi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000))); citation omitted).

> Under the law that was in place at the time [Twiss] committed the aggravated [rape], Texas law afforded eligibility for release on mandatory supervision to all inmates, other than those serving a sentence of death, when the "calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." TEX CODE CRIM. PROC. art. 42.12, § 15(c) (Vernon 1977). In 1987, the legislature amended the statute to exclude other offenders from eligibility for mandatory supervision. For an inmate who is eligible for mandatory supervision, however, the calculation of his sentence remains the same. TEX. GOV'T CODE § 508.147(a) (Vernon 2004) (providing that, subject to certain exceptions, an inmate is eligible for release to mandatory supervision "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced").

*Rodriguez v. Quarterman*, Civ. A. No. H-09-2228, 2009 WL 2170036, at *3 (S.D. Tex. July 20, 2009) (footnote omitted); *see also Ex parte Franks*, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001) ("When applicant committed his crime in 1981, the law governing eligibility for release to mandatory supervision provided that an inmate not under a sentence of death 'shall be released to mandatory supervision' when the 'calendar time

he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.' *See* Article 42.12, Section 15(c), V.A.C.C.P., (West 1981). This law has not substantively changed since then. *See* Section 508.147(a), Tex. Gov't Code (providing for release of inmate to mandatory supervision 'when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced'). Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." (citation and footnote omitted)); *Arnold*, 306 F.3d at 279 (recognizing that, under Texas's mandatory supervision scheme, a life-sentenced inmate does not have a constitutional expectancy of early release).

For these reasons, it plainly appears that Twiss is not entitled to relief. *See Panell*, 2015 WL 2091934, at *3 (citing *Kiser*, and reaching the same conclusion); *cf. Lott v. Davis*, Civ. A. No. H-16-2972, 2016 WL 6093464, at *2 (S.D. Tex. Oct. 19, 2016) ("Absent a protected liberty interest in attaining parole, Lott cannot show that he was denied parole in violation of the Due Process Clause or that he is entitled to federal habeas corpus relief. The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Because Lott's habeas petition lacks an arguable basis in law, it must be dismissed for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).").

**Recommendation and Direction to the Clerk of Court**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice and also direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 3, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE